IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Criminal Action No. 10-po-01136-KMT

UNITED STATES OF AMERICA,

 Plaintiff,

v.

1. CHARLES A. BALDWIN,

 Defendant.

## ORDER

This matter is before the court on Defendant's "Revised Discovery and Inspection Request Pursuant to Rule 16 Federal Rules of Criminal Procedure" [Doc. No. 10, filed September 1, 2010]. The court held a hearing on November 1, 2010 on all issues related to this and other discovery motions and rendered rulings thereon. As to request number 10, however, the Government submitted certain materials to the court for *in camera* review. Those materials have been marked as Plaintiff's Exhibit 1, dated November 1, 2010.

At issue herein is Part two of Defendant's discovery request number 10 which seeks, "a complete copy of all records and reports, including but not limited to restraining orders and allegations contained in divorce proceedings related to reports of abuse, harassment, or any type of impolite behavior by Officer Lundy while not on the job." This request was not limited in time or scope.

It is not disputed that Officer Kevin Lundy will be a witness at trial and is the officer who contacted the defendant in connection with the incidents alleged to have occured on April 5, 2010.  (See Information, Doc. No. 14.)  Therefore, this court construes the request as seeking information pursuant to *Giglio v. United States*, 405 U.S. 150, 153 (1972) and *Brady v. Maryland*, 373 U.S. 83 (1963).

In order to comply with *Brady*, a prosecutor in a criminal case has a duty to learn of and disclose any evidence favorable to the defendant known to himself or to others acting on the government's behalf.  *Douglas v. Workman*, 560 F.3d 1156, 1172 (10th Cir. 2009).  Pursuant to *Giglio*, no distinction is recognized between evidence that exculpates a defendant and "evidence that the defense might have used to impeach the [State's] witnesses by showing bias and interest."  *Id*. at 1172-73 (quoting *United States v. Bagley*, 473 U.S. 667, 676 (1985).  *See Giglio*, 405 U.S. at 153.  The duty to disclose such information continues throughout the judicial process.  *Smith v. Roberts*, 115 F.3d 818, 820 (10th Cir. 1997).  At the heart of any discussion over the applicability of *Brady/Giglio* to a particular piece of evidence is a finding that "[t]he evidence at issue must be favorable to the accused, either because it is exculpatory, or because it is impeaching . . . ."  *Douglas*, 560 F.3d at 1173 (quoting *Banks v. Dretke*, 540 U.S. 668, 691 (2004)).

Federal Rule of Evidence 404 provides that "(a) Evidence of a person's character or a trait of character is not admissible for the purpose of proving action in conformity therewith on a particular occasion, except . . . (3) [e]vidence of the character of a witness, as provided in Rules 607, 608, and 609."

Rule 608(b) of the Federal Rules of Evidence provides

> (a) Opinion and reputation evidence of character. The credibility of a witness may be attacked or supported by evidence in the form of opinion or reputation, but subject to these limitations: (1) the evidence may refer only to character for truthfulness or untruthfulness, and (2) evidence of truthful character is admissible only after the character of the witness for truthfulness has been attacked by opinion or reputation evidence or otherwise.
>
> (b) Specific instances of conduct. Specific instances of the conduct of a witness, for the purpose of attacking or supporting the witness' character for truthfulness, other than conviction of crime as provided in rule 609, may not be proved by extrinsic evidence. They may, however, in the discretion of the court, if probative of truthfulness or untruthfulness, be inquired into on cross-examination of the witness (1) concerning the witness' character for truthfulness or untruthfulness, or (2) concerning the character for truthfulness or untruthfulness of another witness as to which character the witness being cross-examined has testified.

*Id.* Federal Rule of Evidence 609 also involves impeachment of a witness. It provides

> (a) General rule.--For the purpose of attacking the character for truthfulness of a witness,
>   (1) evidence that a witness other than an accused has been convicted of a crime shall be admitted, subject to Rule 403, if the crime was punishable by death or imprisonment in excess of one year under the law under which the witness was convicted, . . . and,
>   (2) evidence that any witness has been convicted of a crime shall be admitted regardless of the punishment, if it readily can be determined that establishing the elements of the crime required proof or admission of an act of dishonesty or false statement by the witness.

*Id.* There is no evidence before the court, either as contained the *in camera* materials or in the presentation of the material during the motions hearing, that Fed. R. Evid. 609 is applicable to the witness, Officer Lundy. Therefore, the court must examine the discovery request for impeachment evidence under Fed. R. Evid. 608 and *Brady* and *Giglio*.

A further obvious delimitation of *Brady* and *Giglio* mandated disclosure is that the evidence concerned must be material. The standard of materiality for *Brady* is evidence that "could reasonably be taken to put the whole case in such a different light as to undermine confidence in the verdict" if such evidence was not disclosed. *Banks*, 540 U.S. at 698. The Tenth Circuit has discarded as immaterial under this standard undisclosed impeachment evidence where it was cumulative of evidence of bias or partiality already presented "and thus would have provided only marginal additional support for [the] defense," *United States v. Trujillo*, 136 F.3d 1388, 1394 (10th Cir.1998), but also has upheld the materiality of non-duplicative impeachment evidence, especially where the witness provided the sole evidence linking the petitioner to the crime. *Nuckols v. Gibson*, 233 F.3d 1261, 1266 (10th Cir. 2000).

Nonetheless, as this court examines Plaintiff's Exhibit 1, the *in camera* material related to Officer Lundy, the court must first determine that the impeachment value, if any, of the evidence meets the evidentiary confines of Fed. R. Evid. 404 and 608 or that the evidence shows bias or interest on the part of the witness, Officer Lundy. None of the material in Plaintiff's Exhibit 1 meets that criteria.

Among other items, the government has submitted the court docket records of the witness's divorce proceeding and related matters which was specifically a part of Defendants request number 10. The court notes initially that the witness's divorce was final more than ten years prior to the incident forming the basis for the criminal charges herein. Although there were several related proceedings over the course of the following few years, there has been no activity related to the proceedings in more than five years prior to April 5, 2010, the date of the

alleged incident in this criminal case. Further, there is no indication that the defendant was in any way or manner involved with or related to witness Lundy or the former Mrs. Lundy and no argument was presented to the court that the divorce proceedings concerned the defendant in any manner. Nothing in the material concerning the witness's divorce indicates any bias or interest of the witness concerning the matters involved in this case. Nothing concerning any portion of the dissolution proceedings would be admissible as impeachment of Officer Lundy's testimony and is therefore not discoverable as *Brady* or *Giglio* material.

Likewise, none of the other material presented to the court for *in camera* review contains admissible impeachment evidence, nor do any matters indicate bias or interest of Officer Lundy with respect to the defendant or to this case in general. Therefore, the material is not discoverable pursuant to *Brady* or *Giglio*.

It is therefore

**ORDERED**

Defendant's "Revised Discovery and Inspection Request Pursuant to Rule 16 Federal Rules of Criminal Procedure" [Doc. No. 10] is **DENIED** as to Request No. 10 and no documents from the Plaintiff's Exhibit 1 will be produced; and

All other and further ORDERS as issued by the court on November 1, 2010 remain in full force and effect.

It is further **ORDERED**

The Clerk shall retain the documents marked as Plaintiff's Exhibit 1 in a sealed envelope to be opened only upon further Order of the Court.

Dated this 2nd day of November, 2010.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge